**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MELVIN E. HURST AND** | * | **CIVIL ACTION** |
| **DAISY C. HURST** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **USAA GENERAL** | * | |
| **INDEMNITY COMPANY** | * | **MAGISTRATE JUDGE** |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**NOTICE OF REMOVAL**</u>

Defendant, USAA General Indemnity Company ("USAA GIC") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

### I.      PROCEDURAL HISTORY

1.

Plaintiffs, Melvin E. Hurst and Daisy C. Hurst (the Hursts) filed this lawsuit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against USAA GIC, on March 2, 2023. The case was captioned "*Melvin E. Hurst and Daisy C. Hurst v. USAA General Indemnity Company*" bearing Docket no. 838-245. (*See* Petition for Damages, Citation and Proof of Service upon USAA GIC through the La. Secretary of State on March 27, 2023, attached hereto and marked for identification as Exhibit "A".).

2.

Plaintiffs' lawsuit arises out of alleged damage to their home located at 3137 Lexington Avenue, Kenner, LA 70065 caused by Hurricane Ida. (Exhibit A, ¶¶ 4 and 7). Plaintiffs had a homeowners' insurance policy ("Policy") with USAA GIC at the time of the storm. (*Id.* at ¶ 5).

1

Plaintiffs bring this lawsuit against USAA GIC asserting that USAA GIC breached its contract with the Hursts by failing "to pay the requested amounts for repairs and/or replacement" for the alleged damage that Hurricane Ida caused to their home under the Policy. (*Id*. at ¶ 11). Additionally, the Hursts allege that USAA GIC breached its duties of good faith and fair dealing under La. R.S. 22:1892 & La. R.S. 22:1973 after allegedly receiving sufficient proof of loss. (*Id*. at ¶ 20). Finally, Plaintiffs allege that they have sustained damages and are entitled to recover compensatory damages, statutory penalties, attorney's fees, and costs. (*Id*. at ¶ 22).

3.

USAA GIC removes this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332, AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 AND COMPLETE DIVERSITY EXISTS.

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

### A. The Amount in Controversy Exceeds $75,000.00.

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition,

2

but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in the petition and this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

6.

The Hursts allege that USAA GIC was provided proof of loss for the damage to the property including appropriate remedial measures and additional living expenses. (Exhibit A, ¶ 8). The Hursts provided USAA GIC with a Sworn Statement in Proof of Loss through their counsel of record alleging $102,346.93 in damages the Hursts contend are storm related. (*See* Sworn Statement in Proof of Loss attached hereto as Exhibit B.).

7.

USAA GIC has paid the Hursts approximately $14,546.51 for storm related damage. Based on Plaintiffs' Sworn Statement in Proof of Loss, this leaves $87,800.42 in dispute. (*Id.*).  For purposes of the instant removal, the amount in controversy is at least $87,800.42 which exceeds $75,000.00 exclusive of interest and costs necessary to remove, before the addition of penalties, attorney's fees or other damages claimed by the Hursts.

8.

As set forth in the petition, Plaintiffs seek a 50% penalty on the amount they allege USAA GIC failed to pay within thirty (30) days, which is a penalty of $43,900.21. This brings the potential amount in controversy to $131,700.63, in excess of the requisite jurisdictional amount, before the addition of attorney's fees or other damages. USAA GIC denies that it owes any additional money

File No. 0334.0298

to the Hursts. USAA GIC provides these calculations solely to prove that the Petition sets forth the required amount in controversy on its face.

9.

The Hursts' Statement of Loss and USAA GIC's prior payments can be considered in support of USAA GIC's burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. This Court has held that "in order [to] show affirmative proof in regards to the amount in controversy, the party seeking to establish subject matter jurisdiction 'should [ ] provide[ ] the Court with the amount of plaintiff's claims along with payments tendered.'" *Dudenhefer v. State Farm Fire & Cas. Co.*, No. CIV.A. 10-629, 2010 WL 2010219 (E.D. La. May 18, 2010); *citing, Fernandez v. Allstate Ins. Co.,* No. CIV.A. 07-9299, 2008 WL 314405 (E.D. La. Feb. 1, 2008). In *Fernandez,* the amount of plaintiff's claims along with payments tendered by the insurance company affirmatively showed that the jurisdictional minimum was met on the date of removal. *Id.* The Hursts Sworn Statement of Loss and USAA GIC's prior payments affirmatively prove that the amount in controversy exceeds $75,000.00.

10.

Plaintiffs' Petition does not offer a binding stipulation or renunciation that Plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00. *See Davis v. State Farm Fire & Cas. Co.*, No. 06-560, 2006 U.S. Dist. LEXIS 37225 at *7 (E.D. La. June 7, 2006) (Vance, J.) (Citing to La. Code Civ. Proc. art. 862); *Treadway v. State Farm Mut. Auto Ins. Co*., No. 11-2965, 2012 U.S. Dist. LEXIS 8536, 2012 WL 219369 (E.D. La. Jan. 25, 2012) (Feldman, J.) See also *Reeves v. TPI Restaurants, Inc.,* 05-1778, 2007 U.S.  Dist. LEXIS 35999 at *5, 2007 WL 1308380 (W.D. La. April 13, 2007) in which Magistrate Judge Kirk found that "[p]laintiffs'

4

attempted stipulation that their damages do not exceed $75,000 would have to have been filed with

the petition in order to have been effective." (citing to *DeAguliar v. Boeing Co*. 47 F. 3d 1404 (5th

Cir. 1995); *recommendation adopted* (W.D. La. May 3, 2007) (Drell, J.).

11.

Plaintiffs' Petition also does not contain an allegation required by La. Code of Civil

Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the

lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that

the claim exceeds or is less than the requisite amount is required."    Federal Courts within

Louisiana have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is

entitled to some consideration although in and of itself is not determinative of the amount in

controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018)

(citations omitted); *Joseph v. State Farm Mutual Automobile Co*., 11-122, 2011 WL 2899127 at

*2 (E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual

Automobile Ins. Co*., 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna,

M.J.) (citations omitted).

12.

USAA GIC denies that the Hursts are owed any additional amounts under the policy.

However, the estimate and the allegations of their petition establish that the amount in controversy

exceeds the requisite amount for removal. USAA GIC has met its burden of showing that the

amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00)

DOLLARS, exclusive of interest and costs.

File No. 0334.0298

**B. Complete Diversity Exists Among the Parties.**

13.

Plaintiff, Melvin E. Hurst, is a citizen of and domiciled in the state of Louisiana. (*See* Exhibit A, ¶ 1.).

14.

Plaintiff, Daisy C. Hurst, is a citizen of and domiciled in the State of Louisiana. (*See Id.*).

15.

Defendant, USAA GIC, is a foreign corporation duly organized under the laws of Texas and having its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288, and is therefore, a citizen of Texas. 28 U.S.C. § 1332(c)(1).

16.

Accordingly, there is complete diversity of citizenship between plaintiffs and defendant.

17.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**III.    USAA GIC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

18.

USAA GIC was served with the Petition for Damages through the Louisiana Secretary of State on March 27, 2023.

File No. 0334.0298

19.

This Notice of Removal is filed within (30) days after service of the Petition on Defendant, USAA GIC.

20.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a) (2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and a citizens or subjects of a foreign state.

21.

The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

22.

No previous application has been made by USAA GIC for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by USAA GIC to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsels for the Plaintiffs, Brian G. Reaney, II and Matthew J. Averill, and Plaintiffs, Melvin and Daisy Hurst, in proper person by mail and filed with the Clerk for the Civil District Court in the state court record. No other process, pleadings, or orders have been served upon USAA GIC.

File No. 0334.0298

## IV.    CONCLUSION

### 23.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, USAA GIC, has complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

### 24.

USAA GIC reserves the right to supplement or amend this Notice of Removal.

### 25.

USAA GIC reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to USAA GIC

### 26.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

**/s/ James R. Nieset, Jr.**
**JAMES R. NIESET, JR. (24856)**
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA  70130-3774
Telephone:  (504) 581-3838
Email:  jnieset@phjlaw.com

File No. 0334.0298

## <u>CERTIFICATE OF SERVICE</u>

**I DO HEREBY CERTIFY** that on April 26, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> **Brian G. Reaney, II**
> **Matthew J. Averill**
> THE MORGAN LAW GROUP
> 1131 Ochsner Blvd., Suite 101
> Covington, Louisiana 70433
> *Counsel for Petitioners, Melvin E. Hurst and Daisy C. Hurst*

I hereby further certify that a copy of the foregoing Notice of Removal has also been placed in the United States mail, with proper and sufficient postage affixed, addressed to:

> **Honorable E. Adrian Adams**
> 24th Judicial District Court, Division G
> 200 Derbigny Street, Gretna, LA, 70053

For filing in the state court action entitled "*Melvin E. Hurst and Daisy C. Hurst v. USAA General Indemnity Company*" Docket no. 838-245, Division G, on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

*/s/ James R. Nieset, Jr.*
JAMES R. NIESET, JR.

9

File No. 0334.0298